Opinion by Ekwall, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59203.**—A. N. Deringer, Inc., et al. *v.* United States, protests 183943–K, etc. (Ogdensburg).

Opinion by Ekwall, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 59204.**—Loretto Distilling Co., Inc., et al. *v.* United States, protests 256037–K, etc. (Louisville).

Opinion by Johnson, J. In accordance with stipulation of counsel that the merchandise and issues are similar in all material respects to those involved in *Austin, Nichols & Co., Inc.* v. *United States* (22 Cust. Ct. 33, C. D. 1155), the claim of the plaintiffs was sustained.

**No. 59205.**—A. N. Deringer, Inc., et al. *v.* United States, protests 171690–K, etc. (Ogdensburg).

Opinion by Johnson, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiffs was sustained.

**No. 59206.**—Close and Stewart *v.* United States, protest 177330–K (Seattle).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of beef similar in all material respects to that the subject of *Swift & Company et al.* v. *United States* (33 Cust. Ct. 212, C. D. 1655), the claim of the plaintiff was sustained.

**No. 59207.**—Antolini & Co. et al. *v.* United States, protests 247421–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of Pecorino (sheep's milk) cheese similar in all material respects to that the subject of *Fontana Hollywood Corp.* v. *United States* (30 Cust. Ct. 98, C. D. 1503) and *Lekas & Drivas, Inc.* v. *United States* (33 Cust. Ct. 242, C. D. 1660), the claim of the plaintiffs was sustained.

JUNE 27, 1955

**No. 59208.**—Kittay & Blitz, Inc. *v.* United States, protest 212913–K.— Plaintiff's application for rehearing denied.

JUNE 30, 1955

**No. 59209.**—Asam Manufacturing Co. *v.* United States, protests 234125–K, etc.— Plaintiff's application for rehearing granted.

**No. 59210.**—Inter-Maritime Forwarding Co., Inc. *v.* United States, protest 230067–K.— Plaintiff's application for rehearing granted.

JUNE 30, 1955

**No. 59211.**—SUIT 4823.—United States *v.* R. J. Saunders & Co., Inc.— —C. D. 1610 reversed and remanded February 8, 1955. C. A. D. 584.

BEFORE THE SECOND DIVISION, JULY 7, 1955

**No. 59212.**—Joseph M. Ziabicki *v.* United States, protest 224301–K (Milwaukee).

LAWRENCE, Judge: An importation of devices referred to in the record as "Addiators" was classified by the collector of customs as mathematical instruments, and duty was imposed thereon pursuant to the terms of paragraph 360 of the Tariff Act of 1930 (19 U. S. C. § 1001, par. 360), as modified by the Torquay Protocol. to the General Agreement on Tariffs and Trade (86 Treas. Dec. 121,